BB:as

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6294** CR-HURLEY

21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 2

MAGISTRATE JUDGE
VITUNAC

UNITED STATES OF AMERICA,   )
                            )
v.                          )
                            )
ERIC TAYLOR                 )
and                         )
ELIACIN MACINTAUCH,         )
                            )
         Defendants.        )
_____)



## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From in or about May of 2000, and continuing through in or about September of 2000, the exact dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ERIC TAYLOR
and
ELIACIN MACINTAUCH,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute a Schedule II controlled substance, that is, in excess of fifty (50) grams of a mixture and substance



containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 846.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TWO

On or about May 12, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ERIC TAYLOR**
**and**
**ELIACIN MACINTAUCH,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT THREE

On or about May 25, 2000, in Broward County, in the Southern District of Florida, the defendant,

**ELIACIN MACINTAUCH,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT FOUR

On or about June 29, 2000, in Broward County, in the Southern District of Florida, the defendants,

**ERIC TAYLOR**
**and**
**ELIACIN MACINTAUCH,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

### COUNT FIVE

On or about July 26, 2000, in Broward County, in the Southern District of Florida, the defendant,

**ERIC TAYLOR,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a

detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

### COUNT SIX

On or about September 27, 2000, in Broward County, in the Southern District of Florida, the defendant,

### ELIACIN MACINTAUCH,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON


_____
GUY A. LEWIS
UNITED STATES ATTORNEY


_____
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

v.

ERIC TAYLOR
and
ELIACIN MACINTAUCH            **CERTIFICATE OF TRIAL ATTORNEY\***

_____

**Superseding Case Information**:

**Court Division**: (Select One)   New Defendant(s)        Yes ___   No ___
                                   Number of New Defendants    ___
___ Miami  ___ Key West            Total number of counts      ___
_X_ FTL    ___ WPB ___ FTP

   I do hereby certify that:

   1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

   2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

   3.  Interpreter:    (Yes or No) _NO_____
       List language and/or dialect ___English_____

   4.  This case will take _4_ days for the parties to try.

   5.  Please check appropriate category and type of offense listed below:
       (Check only one)                          (Check only one)

       I    0 to 5 days        _X_         Petty       ___
       II   6 to 10 days       ___         Minor       ___
       III  11 to 20 days      ___         Misdem.     ___
       IV   21 to 60 days      ___         Felony      _X_
       V    61 days and over   ___

   6.  Has this case been previously filed in this District Court? (Yes or No) _No_
       If yes:
       Judge: _____   Case No. _____
       (Attach copy of dispositive order)
       Has a complaint been filed in this matter?(Yes or No) _____No_____
       If yes:
       Magistrate Case No. _____
       Related Miscellaneous numbers:_____
       Defendant(s) in federal custody as of_____
       Defendant(s) in state custody as of _____
       Rule 20 from the_____ District of _____

       Is this a potential death penalty case? (Yes or No) _____No_____

   7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? _
       ____ Yes____ No

   8.  Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

                                   _____
                                   BRUCE O. BROWN
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Florida Bar No. 999490

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ERIC TAYLOR                No.:_____

Count # 1:
Conspiracy to distribute cocaine base in excess of 50 grams;
in violation of 21 U.S.C. § 846

*Max Penalty: 20 years' mandatory minimum and Life Imprisonment; $8,000,000 Fine

Count # 2:
Possession with intent to distribute and distribution of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 30 years' Imprisonment; $2,000,000 Fine

Count # 4:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 5:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # :

*Max Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ELIACIN MACINTAUCH          No.:_____

Count # 1:
Conspiracy to distribute cocaine base in excess of 50 grams;
in violation of 21 U.S.C. § 846

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 2:
Possession with intent to distribute and distribution of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 20 years' Imprisonment; $1,000,000 Fine

Count # 3:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

Count # 4:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

Count # 6 :
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841 (a)(1)

*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

No. 04357

# UNITED STATES DISTRICT COURT

**Southern** District of **Florida**
Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

ERIC TAYLOR
and
ELIACIN MACINTAUCH

### INDICTMENT

21 USC § 841 (a)(1)
21 USC § 846
18 USC § 2

_____
A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 19 ___

_____
Clerk

Bail, $ _____