BB:as

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6294-CR-HURLEY(s)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846



FILED by _____ D.C.
INTAKE
FEB 1 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

UNITED STATES OF AMERICA, )
)
v. )
)
ERIC TAYLOR, )
MACINTAUCH ELIACIN and )
FELINE JOSEPH, )
)
Defendants. )
_____ )

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

#### COUNT ONE

From in or about May of 2000, and continuing through in or about October of 2000, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ERIC TAYLOR,
MACINTAUCH ELIACIN and
FELINE JOSEPH,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute a Schedule II controlled substance, that is, in excess of fifty (50) grams of a mixture



and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

All in violation of Title 21, United States Code, Section 846.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TWO

On or about May 12, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ERIC TAYLOR**
and
**MACINTAUCH ELIACIN,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT THREE

On or about May 25, 2000, in Broward County, in the Southern District of Florida, the defendant,

**MACINTAUCH ELIACIN,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about June 29, 2000, in Broward County, in the Southern District of Florida, the defendants,

**ERIC TAYLOR
and
MACINTAUCH ELIACIN,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT FIVE

On or about July 26, 2000, in Broward County, in the Southern District of Florida, the defendant,

**ERIC TAYLOR,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT SIX

On or about September 27, 2000, in Broward County, in the Southern District of Florida, the defendants,

**MACINTAUCH ELIACIN
and
FELINE JOSEPH,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVEN

On or about October 12, 2000, in Broward County, in the Southern District of Florida, the defendants,

**ERIC TAYLOR
and
FELINE JOSEPH,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, in excess of fifty (50) grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **ERIC TAYLOR** committed the above offense after a prior conviction for a felony drug offense had become final.

## FORFEITURE

1. As a result of the felony offenses alleged in Counts I through VII of this Indictment, the United States is entitled to forfeiture of, and the defendants,

**ERIC TAYLOR,
MACINTAUCH ELIACIN and
FELINE JOSEPH,**

shall forfeit to the United States, any and all interest that they may have in property constituting and derived from any proceeds the defendants obtained, directly and indirectly, as the result of such violations, and any property used and intended to be used, in any manner or part, to commit, and to facilitate the commission of said violations, jointly and severally pursuant to Title 21, United States Code, Section 853.

2. Such forfeitures shall include property, real and personal, tangible and intangible, including any interest of the defendants in:

A. $4,162.00 in United States currency seized on or about October 12, 2000.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, or sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of the Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of defendant up to the value of the above-described forfeitable property.

A TRUE BILL

*Leonard Roth*
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. 00-6294-CR-HURLEY(s)

v.

ERIC TAYLOR, ET AL.               **CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**
New Defendant(s)            Yes _X_   No ___
Number of New Defendants      1
Total number of counts        7

**Court Division:** (Select One)

___ Miami    ___ Key West
_X_ FTL      ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No) NO
   List language and/or dialect   English

4. This case will take  4  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       _X_       Petty       ___
   II   6 to 10 days      ___       Minor       ___
   III  11 to 20 days     ___       Misdem.     ___
   IV   21 to 60 days     ___       Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?(Yes or No) No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:_____
   Defendant(s) in federal custody as of_____
   Defendant(s) in state custody as of _____
   Rule 20 from the_____  District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? _ ___ Yes___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

                                    _____
                                    BRUCE O. BROWN
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Florida Bar No. 999490

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# **PENALTY SHEET**

Defendant's Name: Eric Taylor               No.: 00-6294-CR-HURLEY(s)

Count # 1:

Conspiracy to distribute cocaine base in excess of 50 grams;

in violation of 21 U.S.C. § 846

*Max Penalty: 20 years' mandatory minimum and Life Imprisonment; $8,000,000 Fine

Count # 2:

Possession with intent to distribute and distribution of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 30 years' Imprisonment; $2,000,000 Fine

Count # 4:

Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 5:

Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 7:

Possession with intent to distribute and distribution in excess of 50 grams of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 20 years' mandatory minimum and Life Imprisonment; $8,000,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: Feline Joseph          No.: 00-6294-CR-HURLEY(s)

Count # 1:

Conspiracy to distribute cocaine base in excess of 50 grams;

in violation of 21 U.S.C. § 846

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 6:

Possession with intent to distribute and distribution of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

Count # 7:

Possession with intent to distribute and distribution in excess of 50 grams of cocaine base;

in violation of 21 U.S.C. § 841(a)(1)

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: MACINTAUCH ELIACIN        No.: 00-6294-CR-HURLEY(s)

Count # 1:

Conspiracy to distribute cocaine base in excess of 50 grams;
in violation of 21 U.S.C. § 846
*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 2:
Possession with intent to distribute and distribution of cocaine base;
in violation of 21 U.S.C. § 841(a)(1)
*Max Penalty: 20 years' Imprisonment; $1,000,000 Fine

Count # 3:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841(a)(1)
*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

Count # 4:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841(a)(1)
*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

Count # 6:
Possession with intent to distribute and distribution in excess of 5 grams of cocaine base;
in violation of 21 U.S.C. § 841(a)(1)
*Max Penalty: 5 years' mandatory minimum and 40 years' Imprisonment; $2,000,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**