UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6294-CR-HURLEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERIC TAYLOR,

    Defendant.
_____/

### OBJECTIONS AND ADDENDUM TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, ERIC TAYLOR (hereinafter "TAYLOR"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida and the Federal Rules of Criminal Procedure, and would hereby file his Objections and Addendum to the Presentence Investigation Report prepared by United States Probation Officer Scott T. Kirsche and made available for disclosure on or about May 31, 2001. The Objections and Addendum to the Presentence Investigation Report are as follows:

1. The Defendant would object to paragraph 26, at page 7, of the Presentence Investigation Report, and state that the Defendant should not be enhanced two (2) levels pursuant to United States Sentencing Guidelines, Section 2D1.1(b)(1) (2001), based upon the fact that a "stun gun" was discovered on or about "Eric Taylor's dresser" next to a container of crack cocaine during a "search of the residence on October 12, 2000". The residence was inhabited by both TAYLOR and Co-Defendant,

Macintauch Eliacin, as well as Feline Joseph who was later indicted in the instant case. The government does not and cannot meet its burden to show that TAYLOR had possession, either actual or constructive, or controlled in any way the placement of this stun gun anywhere in the residence. It is just as feasible that either Co-Defendant, Macintauch Eliacin, or Co-Defendant, Feline Joseph, who was subsequently indicted after TAYLOR and Macintauch, could have or would have controlled the possession of this "dangerous weapon" within the residence. Therefore, the two (2) level enhancement pursuant to United States Sentencing Guidelines, Section 2D1.1(b)(1) (2001), should be removed.

2. The Defendant would object to the Adjusted Offense Level Subtotal at paragraph 30, at page 7, of the Presentence Investigation Report. Probation states that the Adjusted Offense Level Subtotal should be an Offense Level 36. With the two (2) levels removed, this would make it an Offense Level Subtotal 34.

3. The Defendant would object to paragraph 34, at page 8, of the Presentence Investigation Report and state that the Total Offense Level should now be a Total Offense Level of 31.

4. The Defendant states, as it relates to paragraph 60, at page 14, of the Presentence Investigation Report, that this Honorable Court should recommend to the Federal Bureau of Prisons that the Defendant be placed into the Bureau of Prisons Drug Treatment Program. This is based upon the statement that "The defendant stated he has smoked marijuana on a daily basis from the age of 19 until his arrest."

5. The Defendant would object to paragraph 73, at page 16, of the Presentence Investigation Report, and state that under the guideline provisions, based on a Total Offense Level of 31 and a Criminal History Category of 4, the Guideline Imprisonment Range is now 151 to 188 months.

This embodies the sum and substance of the Defendant's Objections and Addendum to the Presentence Investigation Report.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 21st day of June, 2001, to:

BRUCE BROWN, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394

SCOTT T. KIRSCHE
United States Probation Officer
501 South Flagler Drive
Suite 400
West Palm Beach, Florida 33401

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Defendant
2900 Bridgeport Avenue
Suite 401
Coconut Grove, Florida 33133
Telephone: (305) 446-5886
Facsimile: (305) 446-5856

By_____
   DAVID J. JOFFE, ESQUIRE
   FLORIDA BAR NO. 0814164