# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

February 20, 2002

Clarence Maddox
Clerk, U.S. District Court
701 Clematis St., Room 402
West Palm Beach FL 33401

RE: 01-14135-FF       USA v. Eric Taylor
DC DKT NO.: 00-06294 CR-DTKH

FILED by _____ D.C.
FEB 22 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, <u>but not a copy of the court's opinion or Rule 36-1 decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-14135

District Court Docket No.
00-06294-CR-DTKH

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

ERIC TAYLOR,

    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 22, 2002
THOMAS K. KAHN
CLERK

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



    Entered:  January 22, 2002
For the Court:  Thomas K. Kahn, Clerk
       By:  McCombs, Elaine



ISSUED AS MANDATE
FEB 2 0 2002
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 2 2 2002
THOMAS K. KAHN
CLERK

No. 01-14135
Non-Argument Calendar

D.C. Docket No. 00-06294-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC TAYLOR,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(January 22, 2002)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant EricTaylor appeals his 188-month sentence for conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (1994). On appeal, Taylor argues that the district court erred in applying a two-level

enhancement for possession of a firearm during the commission of the drug offense because the government failed to present sufficient evidence to prove that the stun gun belonged to him. Taylor claims that, for the enhancement to be proper, at least a minimal nexus must exist between the possession of the firearm and the offense charged. Because the government executed the search warrant weeks after the last transaction occurred, Taylor argues that no criminal activity took place during the search and arrest; therefore, the firearm was not found during the commission of a charged offense as required. Taylor also asserts that because his co-conspirators did not receive the same enhancement, the court's application of 2D1.1(b)(1) to his sentence was inconsistent and unreasonable.

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).

Section 2D1.1(b)(1) states that the base offense level for a drug offense is increased by two levels if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Commentary to this section provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. 3. "Once the government demonstrates by a preponderance of the evidence

that the firearm was present at the site of charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." *Hall*, 46 F.3d at 63. The government is not required to establish a connection between the offense and the firearm, only that the firearm was present during the charged offense. *Id.* at 64.

After reviewing the record, we conclude that the district court properly applied a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), because sufficient evidence existed to conclude that a dangerous weapon was present at the site of the charged offense and because Taylor failed to show that the connection between the firearm and the offense was clearly improbable.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia